IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OJORE MULUMBA AJAMU, <br><br> Petitioner, <br><br> vs. <br><br> THE STATE OF NEBRASKA, <br><br> Respondent. | 8:22CV348 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Ojore Mulumba Ajamu's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and filed in this Court on November 21, 2022. Filing No. 8. On a date not specified in the petition, Petitioner alleges he was convicted of two counts of terroristic threats, one count of second degree assault, three counts of assault by a confined person, and one count of third degree assault on an officer. Filing No. 8 at 2. Petitioner alleges his conviction was entered in the "Douglas County District Court in Omaha, the County of Dougulas [sic] in the State of Nebraska" but his case number is unknown. Filing No. 8 at 2. Petitioner alleges he was sentenced to 70 to 70 years by Judge Derr. Filing No. 8 at 2.

It is difficult to determine which of Petitioner's criminal convictions he challenges in his Amended Petition. Petitioner's state court records, available to this Court online, reveal Petitioner has been convicted in several criminal cases in Douglas County, Nebraska. Moreover, as noted above, his Amended Petition does not specify any date of conviction or sentencing. However, the record in this case and Petitioner's prior petitions suggest his convictions occurred in 2005. His original Petition in this case

alleges he was convicted in "2005 or 2003." Filing No. 1 at 6. His Amended Petition also includes an attached "Involuntary Medication Application" that includes a statement that Petitioner was admitted to the Nebraska Department of Correctional Services (NDCS), and thus began his sentence, on June 29, 2005. Filing No. 8 at 17.

Additionally, in a previous petition under § 2254,[1] Petitioner listed convictions on largely identical crimes and referenced the same 70-year sentence. See Filing No.1 at 1, Case No. 8:11cv49. As the basis for his earlier § 2254 petition, Petitioner identified three state court cases: A-05-922, A-05-921, and A-05-920. Filing No.1 at 1, Case No. 8:11cv49. The prior petition asserted that the date of conviction for these cases was April 28, 2005, and the date of sentencing was June 28, 2005. Filing No.1 at 1, Case No. 8:11cv49. Each of the cases referenced appear to have been resolved by the Nebraska Court of Appeals in 2007. See State v. Ajamu, Case Nos. A 05-920, A 05-921, and A 05-922 (Neb. Ct. App. May 8, 2007).[2]

While the applicable criminal cases cannot be identified, it appears from the Petition and the state court records for any of Petitioner's cases that Petitioner's claims may be barred by the statute of limitations because the petition was filed more than one year after Petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). However, in order to ensure a just and fair resolution of this matter, the Court will enter an order progressing this case to final resolution.

---

[1] Petitioner's previous Petition was dismissed without prejudice for failure to prosecute. See Ajamu v. Douglas County District Court, No. 8:11cv49, Filing Nos. 12, 13 (D. Neb. Apr. 4, 2011). Because Petitioner's previous petition under § 2254 was dismissed without prejudice, the Amended Petition in this case is not "second and successive" under 28 U.S.C. § 2244(b). See Stewart v. Martinez-Villareal, 523 U.S. 637, 645 (1998) (nothing that a second petition under § 2254 would not be successive where the earlier prior petition was dismissed without prejudice for technical or procedural reasons).

[2] Stutzka v. McCarville, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

IT IS THEREFORE ORDERED that:

1. By **January 19, 2023**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **January 19, 2023**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested

3

    and the reasons the documents are relevant to the cognizable claims.

  D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

  E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

  F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

3. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

  A. By **January 19, 2023**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District*

4

      *Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

- No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

- No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

- The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **February 21, 2023**: check for Respondent's answer and separate brief.

4. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 6th day of December, 2022.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge