IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OJORE MULUMBA AJAMU,<br><br>           Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>           Respondent. | **8:22CV348**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Respondent's Motion for Summary Judgment, Filing No. 11, and Motion to Substitute Party, Filing No. 16. Respondent filed the relevant state court records, Filing No. 12, and a brief in support, Filing No. 13. Petitioner Ojore Mulumba Ajamu ("Petitioner" or "Ajamu") filed a brief in opposition, Filing No. 14, and Respondent filed a Notice of Case Submission, Filing No. 15, informing the Court that Respondent would not file a reply brief and the merits of Respondent's summary judgment motion were fully submitted. Respondent also filed a Motion to Substitute Party, Filing No. 16. Upon consideration, Respondent's Motion to Substitute Party will be granted, and the Court has updated the caption accordingly. For the reasons that follow, Respondent's Motion for Summary Judgment will be granted and the Amended Petition for Writ of Habeas Corpus, Filing No. 8, will be dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

**I. SUMMARY JUDGMENT PROCEDURE**

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

> stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

This Court's local rules further specify that a party moving for summary judgment must include "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law," which "should consist of short numbered paragraphs" each containing "pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials that support the material facts stated in the paragraph." NECivR 56.1(a)(1), (2). "The statement must not contain legal conclusions." NECivR 56.1(a)(3).

The opposing party must file a brief and a separate statement of "concise responses to the moving party's statement of material facts." NECivR 56.1(b)(1)(A). The opposing party's response should "consist of separate numbered paragraphs corresponding to the numbered paragraphs in the movant's brief, and must include pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies." *Id*.

A party's failure to comply with these requirements can have serious consequences: The moving party's "[f]ailure to submit a statement of facts" or "[f]ailure to provide citations to the exact locations in the record supporting the factual allegations may be grounds to deny the motion" for summary judgment. NECivR 56.1(a)(1) (underlining omitted). On the other hand, "[p]roperly referenced material facts in the

2

movant's statement are considered admitted unless controverted in the opposing party's response." NECivR 56.1(b)(1)(B) (underlining omitted).

Although both parties have varied from local rules in some way, the Court will address Respondent's Motion for Summary Judgment. "District courts have broad discretion to . . . enforce (or not enforce) local rules." *Smith v. Insley's Inc.*, 499 F.3d 875, 879 (8th Cir. 2007); *see also Bruning v. City of Omaha, Nebraska*, 6 F.4th 821, 826 (8th Cir. 2021) (concluding district court did not abuse its discretion by declining to enforce local rules' requirements because it could gather from filings which proffered facts were disputed and which were not). Respondent submitted a statement of material facts but it was not filed separately from the brief, as required by NECivR 56.1(a)(4). However, Respondent's failure to file a separate statement of facts does not prejudice Petitioner and Petitioner acknowledges that he received Respondent's brief, *see* Filing No. 14 at 4. Accordingly, the Court will not deny summary judgment on those grounds alone.

The Court will deem Respondent's statement of facts admitted for purposes of summary judgment. Petitioner did not file a separate response to Respondent's statement of material facts, nor did Petitioner respond to Respondent's statement in any way. Although Petitioner is proceeding pro se, he is bound by and must comply with all local and federal procedural rules. NEGenR 1.3(g); *see Bunch v. Univ. of Ark. Bd. of Trs.*, 863 F.3d 1062, 1067 (8th Cir. 2017) (status as pro se litigant does not excuse noncompliance with local rules regarding summary judgment). Petitioner does not dispute directly or indirectly any of Respondent's facts, as required by NECivR 56.1(b)(1)(A). Moreover, Respondent asserted only four separate factual paragraphs about the procedural history of Petitioner's state case, each of which are verifiable

3

through state court records. Accordingly, the Court will deem Respondent's statement of facts admitted for purposes of summary judgment.

## II. FACTS

Following four separate jury trials—three in 2005, one in 2007—in Douglas County, Nebraska, Petitioner was convicted, as a habitual criminal, of two counts of terroristic threats, one count of assault in the second degree, one count of assault of a correctional officer in the third degree, and three counts of assault by a confined person. *See* Filing No. 12-1 at 1; Filing No. 12-2 at 8. For his convictions, Petitioner was sentenced to a total of 70 to 70 years' imprisonment. *See* Filing No. 12-1 at 3; Filing No. 12-2 at 15.

Petitioner timely appealed the judgments to the Nebraska Court of Appeals, which affirmed in each case. *See* Filing No. 12-1; Filing No. 12-2. The three judgments from 2005 were consolidated on appeal and disposed of in the Nebraska Court of Appeals on February 13, 2007. *See* Filing No. 12-1. Petitioner petitioned for further review of that decision, which the Nebraska Supreme Court denied on April 25, 2007. *See* Filing No. 12-4 at 5; Filing No. 12-5 at 5; Filing No. 12-6 at 5. The judgment from 2007 was disposed of on May 13, 2008. *See* Filing no. 12-2 at 19. Petitioner did not petition for further review of that decision. *See* Filing No. 12-7.

Petitioner moved for postconviction relief in all four cases on July 11, 2011. *See* Filing No. 12-8 at 3; Filing No. 12-9 at 3; Filing No. 12-10 at 3; Filing No. 12-11 at 3. The state district court denied Petitioner postconviction relief in all four cases on December 5, 2013, and Petitioner did not appeal. *See* Filing No. 12-8 at 2; Filing No. 12-9 at 2; Filing No. 12-10 at 2; Filing No. 12-11 at 2. On October 3, 2022, Petitioner filed his habeas

4

petition in this court, *see* Filing No. 1, and then on November 21, 2022, Petitioner filed an amended habeas petition, *see* Filing No. 8.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner did not file his habeas petition within one year of "the date on which [his] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's three convictions from 2005 became final on July 24, 2007, upon the expiration of the 90-day appeal period after the Nebraska Supreme Court denied Petitioner's petition for further review. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012). Petitioner's conviction from 2007 became final on June 12, 2008, 30 days after the Nebraska Court of Appeals issued its opinion.

*See* Neb. Ct. R. App. P. § 2-102(F)(1) (stating that a petition for further review and memorandum brief in support must be filed within 30 days after the entry of the order of the Court of Appeals finally disposing of the appeal); *see also* Neb. Rev. Stat. § 25-1912(1) (Reissue 2008); *In re Interest of J.A.*, 510 N.W.2d 68, 71 (Neb. 1994) (a notice of appeal must be filed within 30 days of the date the judgment or order was entered on the journal of the trial court); *State v. Yos-Chiguil*, 772 N.W.2d 574, 579 (Neb. 2009) ("In a criminal case, the judgment is the sentence."). Accordingly, the one-year limitations period began to run, at the latest, from June 12, 2008, and expired in June of 2009, two years before Petitioner filed anything in state court addressing his conviction and sentence, and nearly fourteen years before he filed the Petition in this case.

Additionally, the Court has reviewed the state court records and concludes no tolling provisions apply in this case. *See, e.g.*, 28 U.S.C. § 2244(d)(1) (permitting equitable tolling where a litigant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)); *see also* 28 U.S.C. § 2244(d)(2) (tolling the statute of limitations where "a properly filed application for State postconviction or other [motion for] collateral review with respect to the pertinent judgment or claim"). Accordingly, Petitioner's amended habeas petition was not timely filed and is barred by AEDPA's one-year limitations period.

Construed liberally, Petitioner's brief appears to assert he should be able to proceed because he is actually innocent. *See* Filing No. 14 at 6. Petitioner's argument would fall under the so-called "miscarriage of justice" exception set forth in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). In *McQuiggins v. Perkins*, 569 U.S. 383 (2013), the Supreme

Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, is excused from the procedural bar of the statute of limitations set forth in in 28 U.S.C. § 2244(d)(1) under the miscarriage of justice exception. The miscarriage of justice/actual innocence exception applies to a "severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 394-95 (quoting *Schlup*, 513 U.S. at 329).

"[T]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence that was not presented at trial." *Schlup*, 513 U.S. at 324. Further, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998) (citation omitted in original). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Petitioner has not produced any evidence to undermine the confidence in his convictions. Petitioner's brief is largely a narrative of his assertion that a prosecutor fabricated Petitioner's crimes because of an ongoing argument between Petitioner and the prosecutor. See Filing No. 14 at 6, 9. Petitioner's conclusory assertions are "insufficient to support a claim of actual innocence." See *Huggans v. Werlich*, No. 4:18-CV-1935 JAR, 2019 WL 3820929, at *2 (E.D. Mo. Aug. 14, 2019); *Harris v. Norris*, No. 5:08CV00158JLH, 2008 WL 4418308, at *4 (E.D. Ark. Sept. 25, 2008) (vague and conclusory statements do not satisfy the *Schlup* standard). Petitioner offers no evidence

7

of his innocence, let alone evidence so strong so as to undermine the outcome of his criminal convictions. Accordingly, Petitioner may not proceed under the miscarriage of justice exception.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's Amended Petition was filed after the one-year limitations period expired and he has failed to present sufficient grounds to warrant tolling of the statute of limitations or application of an exception to the statute of limitations. As Petitioner's habeas petition is untimely and no exceptions apply which would allow him to proceed, the Court dismisses the Petition with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). The Court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion to Substitute Party, Filing No. 16, is granted and the Clerk's office is directed to update the Court's records to reflect that Rob Jeffreys is the sole proper respondent in this action.

8

2. Respondent's Motion for Summary Judgement, Filing No. 11, is granted and Petitioner's Amended Petition is dismissed with prejudice.

3. The Court will not issue a certificate of appealability in this matter.

4. The Court will enter a separate judgment in accordance with this order.

Dated this 6th day of September, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

9